# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER TONER,    )
            )
   Plaintiff,     )
            )  2:12-cv-01713
v.           )
            )  Judge Mark R. Hornak
THE TRAVELERS HOME AND MARINE )
INSURANCE COMPANY,   )
            )
   Defendant.    )

## MEMORANDUM OPINION AND ORDER

This action was removed by Defendant to this Court from the Court of Common Pleas of

Allegheny County, Pennsylvania on diversity of citizenship grounds, 28 U.S.C. §1332(a). It was

brought in that court by Plaintiff solely for a declaratory judgment as to whether a certain policy

of auto insurance procured by or on behalf of Plaintiff should be declared to include "stacked"

levels of coverage under applicable Pennsylvania motor vehicle insurance law.

Plaintiff seeks to remand the case back to state court, relying on Judge Weis' seminal

opinion in *State Auto Insurance Companies v. Summy*, 234 F. 3d 131 (3d Cir. 2000), which

counsels the District Courts in our Circuit to refrain from exercising their power under the

federal Declaratory Judgment Act in declaratory judgment cases under state law (particularly

laws governing insurance coverage and the rights of the parties under insurance policies), where

this is no overriding federal interest involved, where there is settled or nearly settled state law

which a state trial court is perfectly capable of applying, and where there are no special or

extraordinary circumstances counseling the retention of jurisdiction by the federal court. *Id.* at

135-36.

The fact that the case is now pending in federal court, and that it could promptly resolved

in that federal forum is not a *Summy* factor weighing in favor of retention of jurisdiction. *Id.* at

136. The *Summy* court also relied on the fact that in that case, there was a pending state court action which centered on the same issues present in the federal case.

Here, but for the absence of a pending state court action, all of the *Summy* factors counseling the declination of the exercise of federal jurisdiction are present. On these facts, this Court concludes that the teachings of *Summy* are such that this Court should exercise its discretion and decline the invitation to apply the federal Declaratory Judgment Act here. *See Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x. 173, 174 (3d Cir. 2003). The Complaint seeks only a declaration of rights. There is no federal law issue implicated in the case. There is no allegation of some overriding federal interest in the disposition of this action. There is no record basis to conclude that the state courts are incapable or unwilling to provide a prompt and just disposition of this action. There are no special circumstances presented which would outweigh the comity and federalism factors upon which *Summy's* reasoning was based. Thus, while not on "all fours" with *Summy* given the absence of a pending state court action, the posture of this case makes it quite close, close enough that this Court concludes that the proper application of the *Summy* doctrine results in its declining to exercise its power under the Declaratory Judgment Act, and remanding it back to state court. *See Allstate Property and Casualty Ins. Co. Inc. v. Owens*, Civ. No. 11-004, 2011 WL 94412 at *2, *3 (W.D. Pa. Jan. 11, 2011); *Dixon v. Progressive Northern Ins. Co.*, Civ. No. 08-1010, 2008 WL 4072816, at *2, *3 (W.D. Pa. Aug. 27, 2008).

It is therefore ORDERED that this civil action is REMANDED to the Court of Common Pleas of Allegheny County, Pennsylvania, forthwith.

Mark R. Hornak
United States District Judge

Dated: January 3, 2013

cc:     All counsel of record